UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

OPELOUSAS-ST. LANDRY REALTY          CIVIL ACTION NO. 6:13-cv-00811
COMPANY, INC.

                                     JUDGE HAIK

VERSUS                               MAGISTRATE JUDGE HANNA

BP AMERICA PRODUCTION
COMPANY, ET AL.

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

By Attorneys:

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34962
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA  70810
(225) 400-9991 Telephone
(225) 448-2568 Fax
- and -
Patrick C. Morrow, Bar #09748
James P. Ryan, Bar #11560
MORROW, MORROW, RYAN & BASSETT
324 W. Landry St.
P. O. Drawer 1787
Opelousas, LA  70571-1787
Telephone:  (337) 948-4483
Fax:  (337) 942-5234

**TABLE OF CONTENTS**

I.  FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  Written Unanimous Consent Was Not Timely Obtained . . . . . . . . . . . . . . . . . . . 4

    B.  Joinder Of The Defendants Is Proper Under State Law Insofar As They Are Solidarily Liable With Their Predecessors In Title For The Damages Caused Before, During, And After Their Ownership Of The Leases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

## TABLE OF AUTHORITIES

*Aucoin v. Gulf South Pipeline Co., L.P.*
    2004 WL 1196980 at *2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Baker v. Ford Motor Co.*
    1997 WL 82260 (N. D. Miss.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Beard v. Lehman Bros. Holdings, Inc.*
    458 F. Supp. 2d 1314, 1319-1321 (M. D. Ala. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Berry v. Allstate Insurance Co.*
    2006 WL 2710588 (E.D. La. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bienemy v. Continental Cas. Co.*
    2010 WL 375213, at *4 (E.D. La. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bridge Point Yacht Center Inc. v. Calcasieu Parish Sheriff's Office*
    2013 WL 1197143, at *4 (W. D. La. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bright v. No Cuts, Inc.*
    2003 WL 22434232, at *5 (E.D. La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Courtney v. Benedetto*
    627 F. Supp. 523 (M.D. La. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Coury v. Prot*
    85 F.3d 244, 248 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Creekmore v. Food Lion, Inc.*
    797 F. Supp. 505, 509 (E.D. Va. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Etheridge v. Liberty Mut. Ins. Co.*
    2008 WL 4057072, at *2 (N.D. Miss. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Frankston v. Denniston*
    376 F. Supp. 2d 35, 41 (D. Mass. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Geffen v. General Elec. Co.*
    575 F. Supp. 2d 865 (N.D. Ohio 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ii

*Getty Oil Corp. v. Ins. Co. of N. America*
 841 F.2d 1254, 1263 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6-7

*Kenner Services, Inc. v. Star Enterprise*
 1996 WL 400848 *4 (E.D. La.) (J. Mentz) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kleas v. Mayfield*
 404 So.2d 500, 506 (La. App. 3 Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kokkonen v. Guardian Life Ins. Co. of Am.*
 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed. 2d 391 (1994) . . . . . . . . . . . . . . . . . . . . 4

*Hoefly v. Government Employees Ins. Co.*
 418 So.2d 575, 579 (La. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Howery v. Allstate Ins. Co.*
 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied,*
 534 U.S. 993, 122 S. Ct. 459, 151 L.Ed. 2d 377 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re 15375 Memorial Corp.*
 382 B.R. 652, 692 (Bkrtcy. D. Del. 2008),
 *reversed on other grounds,* 400 B.R. 420 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Joiner v. Diamond M. Drilling Co.*
 688 F.2d 256, 263 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marin v. Exxon Mobil Corp.*
 2009-2368 (La. 10/19/10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martinez v. Entergy Corporation*
 2004 WL 2661815 *1 (E.D. La.) (J. Lemmon) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mayers v. Connell*
 651 F. Supp. 273 (M.D. La. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mire v. Sunray DX Oil Co.*
 285 F. Supp. 885, 887 (D.C. La. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mumphrey v. Anco Insulations, Inc.*
 2011 WL 1527180 (E.D. La.), J. Duval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

iii

*Muslow Oil and Gas, Inc. v. Rife Oil Properties, Inc.*
   No. 427,920 c/w 427,921, 1st JDC, Caddo Parish, Louisiana . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ogletree v. Barnes*
   851 F. Supp. 184, 188 (E.D. Pa. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Roe v. O'Donahue*
   38 F. 3d 298, 301 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Royal v. Fontenot*
   2010 WL 4068868, 2 (W.D. La. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Spiller v. Tillman*
   959 F. Supp. 364 (S. D. Miss. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*State of Louisiana v. Aspect Energy LLC*
   2011 WL 3759754, at *3 (W.D. La. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Sweet Lake Land & Oil Company, LLC v. Exxon Mobil Corp.*
   2011 WL 5825791 (W.D. La.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Tapscott v. MS Dealer Service Corp.*
   77 f. 3d 1353 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-13

*Terrebonne Parish School Board v. Texaco, Inc.*
   1998 WL 160919 (E.D. La.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Windmill Nursery of Louisiana, L.L.C. v. Maryland Casualty Company*
   2006 WL 3388486 *2 (E.D. La.) (J. Feldman) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

La. Code of Civ. Proc. art. 463 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

La. R. S. 31:128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

La. R. S. 31:129 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LSA-C.C. art. 1764 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LSA-C. C. art. 1789 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

LSA-C.C. art. 1815 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. 1446(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1446(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

Federal Rule 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

James W. M. Moore, *Moore's Federal Practices* § 107.30[2][a][ii][B] (3d. Ed. 2010) . . . . . . . . 8

v

**MAY IT PLEASE THE COURT:**

Two properly joined and served defendants did not timely consent to the removal of this matter thus rendering the removal procedurally defective.  Furthermore, this Court lacks subject matter jurisdiction because there is not complete diversity of citizenship, and the Removing Defendants are unable to prove fraudulent joinder or improper misjoinder amounting to fraudulent joinder.  Because the Notice of Removal is procedurally defective and because this Court does not have subject matter jurisdiction, the plaintiff respectfully urges the Court to grant its Motion to Remand.

## I.   FACTS AND PROCEDURAL HISTORY

Oil and gas exploration and production activities were conducted on the plaintiff's property by the defendants and/or their predecessors in title.  All of the defendants' oil and gas exploration and production activities were conducted pursuant to two Oil, Gas and Mineral Leases.  The first lease, dated January 4, 1946, was between Eulice Guillory and John Guillory and F. J. Muller.[1]  The 1946  lease was assigned numerous times over the years – including two assignments from Brown & McKenzie, Inc., et al. to defendant, Sevarg Company, Inc., on September 23, 1977.[2]  The second

---

[1] Instrument No. 231840, Conveyance Records, St. Landry Parish, attached as Exhibit "A".  The property identified in the 1946 lease is described as "80 acres of land, more or less, located in Section 29, Township 6 South, Range 2 East, bounded north by lands of Linzay Brown; East by lands of Emile Simien and Chester Smith; South by lands of Maxile Savoy; West by assigns, and Chas. F. Boagni or assigns."

[2] Instrument No. 616460 and Instrument No. 616461, Conveyance Records, St. Landry Parish, are attached, *in globo*, as Exhibit "B".

1

lease, dated November 17, 1984, was between Wordy Guillory, et al. and Sevarg Company, Inc.[3] Both leases cover the entirety of the plaintiff's property that is the subject of this lawsuit.

On December 14, 2012, the plaintiff filed this lawsuit against a total of four defendants including BP America Production Company,[4] Pan American Petroleum Corporation,[5] Sevarg Company, Inc.,[6] and BHP Petroleum (Americas) Inc.,[7] alleging causes of action arising under the laws of the State of Louisiana that raise no federal questions. The plaintiff's petition alleges that its property was damaged as a result of oil and gas exploration and production activities and seeks damages associated therewith.[8] Service of citation on the defendants occurred as follows: Sevarg on **March 19, 2013**;[9] BP and Pan American on **March 22, 2013**;[10] and BHP on **March 28, 2013** .[11] The Removing Defendants concede that all defendants were properly joined and served.

---

[3] Instrument No. 693367, Conveyance Records, St. Landry Parish, attached as Exhibit "C". The property identified in the 1984 lease is described as "A certain tract of land containing 76.84 acres, more or less, situated in the East Half of the Southwest Quarter of Section 29, Township 6 South - Range 2 East, and bounded now or formerly as follows: North by: Peter Brown; South by: Robert Brown; East by: Robert Brown and the Estate of Emile Simien, and; West by: Charles F. Boagni, Euzebe Guillory, and, Dorestan Aucoin." *See also* Doc. No. 106, Page ID# 91-103.

[4] Hereinafter referred to as "BP".

[5] Hereinafter referred to as "Pan American".

[6] Hereinafter referred to as "Sevarg".

[7] Hereinafter referred to as "BHP".

[8] Doc. No. 1-1, Page ID# 9-12, ¶¶ 2, 3, 5, and 6.

[9] Doc. No. 1-9, Page ID# 155.

[10] Doc. No. 1-9, Page ID# 156-157.

[11] Doc. No. 1-9, Page ID# 158.

On April 18, 2013, two of the defendants, BP and Pan American,[12] timely filed a Notice of Removal in the U. S. District Court for the Western District of Louisiana.  Counsel for BP and Pan American is the only signatory to the Notice of Removal.

The Removing Defendants concede that defendant, Sevarg, is a Louisiana citizen.[13] Despite the fact that the plaintiff and at least one defendant are Louisiana citizens, the Removing Defendants allege that the citizenship of Sevarg should be ignored for purposes of diversity jurisdiction because Sevarg was allegedly fraudulently joined and/or allegedly improperly misjoined as a defendant in this case.[14]  The basis for the claim of fraudulent misjoinder is that "there is no 'real connection' between the claims the Plaintiff is asserting against Sevarg, the only operator not of diverse citizenship with respect to the Plaintiff, and those claims the Plaintiff is asserting against BP, Pan American, and BHP ('the diverse defendants').''[15] The removal notice further alleges that both BHP and Savarg consent to the removal.[16]  On **May 1, 2013**, BHP filed a Consent to Removal.[17]

The plaintiff timely seeks remand of this case because defendants' Notice of Removal is procedurally defective and, further, because Sevarg is not fraudulently joined or improperly misjoined.  This Court lacks subject matter jurisdiction.

---

[12] Hereinafter referred to as "the Removing Defendants".

[13] Doc. No. 1, Page ID# 4, ¶ 10.

[14] *Id.*

[15] Doc. No. 1,Page ID# 5, ¶ 10.

[16] Doc. No. 1, Page ID# 7, ¶¶ 14, 15.

[17] Doc. No. 14, Page ID# 401.

3

## II.    LAW AND ARGUMENT

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation.[18] Based upon the pleadings, this Court must presume that this suit lies outside of the Court's limited jurisdiction.[19]

### A.    WRITTEN UNANIMOUS CONSENT WAS NOT TIMELY OBTAINED

No evidence of timely written consent of BHP or Sevarg appears of record, and for this reason alone, this case should be remanded. Statutes that limit federal jurisdiction are always strictly construed. Courts have consistently construed 28 U.S.C. 1446(a) to require that ALL defendants must either join the petition for removal or consent to the removal.[20] As the Court noted in *Royal v. Fontenot*, a removing defendant is required to obtain timely unanimous written consent of all properly served defendants: "'[T]here must be some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.'"[21]

The record in this case shows that BHP was the last-served defendant, having been served

---

[18] *Berry v. Allstate Insurance Co.*, 2006 WL 2710588 (E.D. La. 2006) (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001).

[20] *Mayers v. Connell*, 651 F. Supp. 273 (M.D. La. 1986); *Courtney v. Benedetto*, 627 F. Supp. 523 (M.D. La. 1986).

[21] *Royal v. Fontenot*, 2010 WL 4068868, 2 (W.D. La.2010), quoting *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1263 (5th Cir.1988).

4

with process and citation on **March 28, 2013**.[22]  Under 28 U.S.C. § 1446(b)(2)(B), any notice of

removal, and any consents thereto, must have been filed within thirty days of March 28, 2013, *i.e.*,

on or before **April 27, 2013**.  On **April 18, 2013**, BP and Pan American timely removed this case

alleging federal jurisdiction under 28 U.S.C. § 1332.[23]  At the time of removal, all four defendants

had been served in state court.  The Notice of Removal was signed only by counsel for BP and Pan

American, and alleges that:

> "Defendant BHP Petroleum (Americas) Inc. **consents** to removal of this lawsuit to
> federal court."[24]

In support of that allegation, and attached as Exhibit "C" to the removal notice, is an e-mail

purportedly on behalf of BHP dated April 15, 2013 stating that "[o]n behalf of BHP Billiton we **do**

**not object** to the removal of this matter to federal court."[25]

> The removal notice further alleges that:

> "Defendant Sevarg Company, Inc. **consents** to the removal of this lawsuit to federal
> court."[26]

In support of that allegation, and attached as Exhibit "D" to the removal notice, is an e-mail

purportedly on behalf of Sevarg dated April 11, 2013 stating that "Sevarg **does not oppose** removal

---

[22] Doc. No. 1-9, Page ID# 158.

[23] Doc. No. 1, Page ID# 6, ¶ 11.

[24] Doc. No. 1, Page ID# 7. (emphasis added).

[25] Doc. No. 1-3, Page ID# 38. (emphasis added).

[26] Doc. No. 1, Page ID# 7. (emphasis added).

of this case to federal court."[27]

The e-mail exchanges between counsel for the Removing Defendants and counsel for BHP and Sevarg make no mention of **consent** to the removal, and, therefore, do not constitute "unambiguous written evidence of consent."[28] E-mail exchanges between counsel that speak only in terms of not having any "objection" or "opposition" to removal but that do not ever say that the defendant actually joins in or consents to the removal do not satisfy the statute's requirement even if attached to a timely notice of removal.[29]

In *Mumphrey v. Anco Insulations, Inc.*, the Court was faced with facts analogous to those in the instant matter.  In *Mumphrey*, a notice of removal was filed solely by one defendant who alleged that all served defendants consented to the removal of the case.  In support of that allegation, the removing defendant attached copies of the documents allegedly indicating consent – including e-mail exchanges between counsel for the removing defendant and counsel for the other diverse defendants. Finding the e-mail correspondence inadequate as proof of consent, which resulted in the removal being declared deficient and requiring remand, Judge Duval found that:

> Certainly, an email is not a self proving document under the Federal Rules of Evidence.  In addition, there is no affidavit from any of the persons involved therein attesting that these communications are indeed from them.  There is no signature by any of the attorneys involved except for one.

* * *

---

[27] Doc. No. 1-3, Page ID# 39. (emphasis added).

[28] *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 (5th Cir.1988);

[29] *Mumphrey v. Anco Insulations, Inc.*, 2011 WL 1527180 (E.D. La.), J. Duval.

6

There are emails from various unidentified persons sent purportedly indicating 'consent' from a corporation without an indication in the email that that person is local counsel enrolled for purposes of this litigation.

* * *

In addition, some of these 'responses' which are filed to prove consent on the part of these defendants for removal are themselves are insufficient to even indicate consent by the corporation itself. Kathleen Drew who apparently represents Chevron Phillips Chemical Company, LP states only 'I am definitely on board with removal.' This statement standing alone does not indicate that the corporation has been contacted and that it approves the removal. It is only her personal, unsigned, unauthenticated email sent from her Ipad. For all the court knows, anyone could have sent this response. [] Likewise, Sheri Sport Faust's response, apparently on behalf of RT Vanderbilt, Co., again speaks in terms of not having any 'objection,' but does not ever say that Vanderbilt actually joins in the removal of the case.[30]

Removal by implication or by ambiguity is not allowed in the Fifth Circuit.[31] Procedural compliance with 28 U.S.C. § 1447 (c) is stringent and objective. The only way for this Court and plaintiff's counsel to know that the unanimous consent requirement has been fulfilled is: (1) for someone with obvious authority, (2) to consent to removal, (3) by filing in writing, (4) independently, (5) unambiguously, and (6) within the 30-day period.[32] Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.[33] As one District Court succinctly noted, "[t]o allow

---

[30] *Mumphrey v. Anco Insulations, Inc.*, 2011 WL 1527180, at *2-3.

[31] *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1261-63 (5th Cir. 1988); *Windmill Nursery of Louisiana, L. L.C. v. Maryland Casualty Company*, 2006 WL 3388486 *2 (E.D. La.) (J. Feldman); *Kenner Services, Inc. v. Star Enterprise*, 1996 WL 400848 *4 (E.D. La.) (J. Mentz) (finding that a notice of removal containing the assertion that co-defendants consented to the removal was insufficient to provide notice of consent).

[32] *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d at 1262.

[33] *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d at 1261-63.

one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation."[34]  Thus, it is simply not enough that the Removing Defendants in their Notice of Removal represent that the other defendants consent or do not object to removal.[35]  The existence of consent cannot be "circumstantially evidenced by the lack of any objection."[36]  There are no cases that allow "implied" consent to removal because a federal court cannot exercise jurisdiction pursuant to an implied authority.  Consent to removal must be in writing and unambiguous, i.e., express and clear.  Unanimous consent cannot be ambiguous, and it cannot be late.

Despite ample time to do so, no lawyer with authority to act for BHP or Sevarg **timely** entered an appearance, signed any pleading pursuant to Rule 11 of the Federal Rules of Civil Procedure, let alone consented to removal, during the 30-day removal period.  Furthermore, Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another."[37]  The defendants' anticipated subjective arguments that BHP and Sevarg intended to timely consent,

---

[34] *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 509 (E.D. Va. 1992).

[35] *Id.* at 1262.  *See also State of Louisiana v. Aspect Energy LLC*, 2011 WL 3759754, at *3 (W.D. La. 2011), citing 16 James WM. Moore, *Moore's Federal Practice* § 107.30[2][a][ii][B] (3d. Ed. 2010) (citing *Ogletree v. Barnes* 851 F.Supp. 184, 188 (E.D. Pa. 1994); *Roe v. O'Donahue*, 38 F.3d 298, 301 (7th Cir. 1994); *Beard v. Lehman Bros. Holdings, Inc.*, 458 F.Supp.2d 1314, 1319-1321 (M.D. Ala. 2006)).

[36] *Bridge Point Yacht Center Inc. v. Calcasieu Parish Sheriff's Office*, 2013 WL 1197143, at *4 (W. D. La. 2013) ("[T]he jurisprudence requires a 'timely filed written indication' of consent, not the *absence* of an objection on the basis of non-consent."); *see also Frankston v. Denniston*, 376 F.Supp.2d 35, 41 (D. Mass. 2005) ("[A] failure to object is different than affirmatively giving consent.").

[37] *Martinez v. Entergy Corporation*, 2004 WL 2661815 *1 (E.D. La.) (J. Lemmon) citing *Baker v. Ford Motor Co.*, 1997 WL 88260 (N.D. Miss.); *Spiller v. Tillman*, 959 F.Supp. 364 (S.D. Miss. 1997).

wanted to, meant to, or wished they had are all irrelevant.

Where a defendant who has been properly joined and served fails to join in or consent to removal within the prescribed thirty-day time period, not only is the Notice of Removal defective on its face, but so too is a subsequently filed Notice of Consent.  Recognizing the obvious defect in the Notice of Removal, BHP subsequently filed a Consent to Removal on **May 1, 2013**.[38]  BHP's Consent to Removal was not filed within the thirty-day removal deadline of **April 27, 2013**.  The subsequent filing of an untimely Notice of Consent is of absolutely no moment, does nothing to cure the defect in the removal notice, and is properly rejected by the Court.

Furthermore, a removal notice cannot be amended pursuant to 28 U.S.C. § 1653 to cure procedural defects such as are presented in the instant case.[39]  This precise issue was raised in *Aucoin v. Gulf South Pipeline Co., L.P.*[40]  In *Aucoin*,  neither the Notice of Removal nor the Amended Notice of Removal contained the written consent of all served defendants.  The defendants sought to cure that deficiency by amending the notices pursuant to either Federal Rule 15 or 28 U.S.C. § 1653.  Judge Barbier disagreed finding that the general provisions of Rule 15 were superceded by the more particular provisions governing removal procedure.  With regard to § 1653, Judge Barbier found that, "by its terms, [it] may only be utilized to cure defective allegations of jurisdiction. [] It may not be used to amend 'a substantial defect in removal proceedings,' such as the failure to obtain

---

[38] Doc. No. 14, Page ID# 401.

[39] *Courtney v. Benedetto*, 627 F.Supp. 523, 527 (M.D. La. 1986).

[40] 2004 WL 1196980 (E.D. La.) (J. Barbier); *see also State of Louisiana v. Aspect Energy LLC*, 2011 WL 3759754, at *3 (W.D. La. 2011).

the consent of a co-defendant. 'A defect of this nature in the removal petition is not curable by amendment under section 1653.'"[41]   BHP and Sevarg did not timely consent in writing to the removal. The Notice of Removal is procedurally defective, and this matter should be remanded to the 27[th] Judicial District Court.

    **B.**    **JOINDER OF THE DEFENDANTS IS PROPER UNDER STATE LAW INSOFAR AS THEY ARE SOLIDARILY LIABLE WITH THEIR PREDECESSORS IN TITLE FOR THE DAMAGES CAUSED BEFORE, DURING, AND AFTER THEIR OWNERSHIP OF THE LEASES.**

Unlike fraudulent joinder, which has been around for quite some time, fraudulent or improper misjoinder is relatively new.  While traditional fraudulent joinder probes the genuineness of a claim, fraudulent or improper misjoinder tests the procedural basis of a party's joinder.[42]

The Removing Defendants rely on *Tapscott v. MS Dealer Service Corp.*[43] in support of their argument in favor of this new type of fraudulent joinder identified by the *Tapscott* court.  That reliance is misplaced.  In *Tapscott*, the Eleventh Circuit recognized that fraudulent joinder can exist when a diverse defendant is joined with a non-diverse defendant **as to whom there is no joint, several, or alternative liability**, and when the claim against the diverse defendant has **no real connection** to the claim against the non-diverse defendant.[44]   Whether the Fifth Circuit recognizes *Tapscott*-type misjoinder is not entirely clear.  But whatever the state of *Tapscott*-type misjoinder

---

[41] *Aucoin v. Gulf South Pipeline Co., L.P.*, 2004 WL 1196980 at *2. (internal citations omitted).

[42] *Geffen v. General Elec. Co.*, 575 F.Supp.2d 865 (N.D. Ohio 2008).

[43] 77 F.3d 1353 (11th Cir. 1996).

[44] *Id.* at 1360 (emphasis added).  *Tapscott*-type improper joinder appears to be loosely analogous to improper cumulation pursuant to Article 463 of the Louisiana Code of Civil Procedure.

10

in this circuit, it is clear that *Tapscott* does not involve simply a misjoinder analysis.  Furthermore, under the unique facts of the case, the court in *Tapscott* held that only "**egregious**" misjoinder, but not "**mere misjoinder**," warrants ignoring the citizenship of misjoined defendants to find complete diversity of citizenship.[45]   In other words, under *Tapscott*, "mere misjoinder" is not improper joinder.[46]   Instead, the connection between the joined parties and claims must be "so tenuous as to justify disregarding the citizenship of the joined parties."[47]   That is, the joined parties and claims must be without a "palpable connection,"[48] causing the joinder to be "egregious,"[49] "totally unsupported,"[50] or a "purposeful attempt to defeat removal."[51]

It is hard to imagine facts any more inapposite to the *Tapscott* facts than those presented in this case.  To the extent that *Tapscott* is even remotely applicable to this case, the Removing Defendants have not alleged nor shown any "egregious" misconduct on the part of the plaintiff.  In fact, no hint of an allegation of any sort of misconduct on the part of the plaintiff is found in the removal notice.  As such, the Removing Defendants cannot draw any parallels between the facts at

---

[45] *Id.* (Emphasis added); *Bienemy v, Continental Cas. Co.*, 2010 WL 375213, at *4 (E.D. La. 2010) ("Even courts that follow *Tapscott* have not applied that case unless the connection between the claims against the individual parties is so tenuous that disregarding the citizenship of the joined parties is just, or where there is no 'palpable connection' between the claims and the parties joined.").

[46] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d at 1360.

[47] *Bright v. No Cuts, Inc.*, 2003 WL 22434232, at *5 (E.D. La. 2003).

[48] *Id.*

[49] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d at 1360.

[50] *Etheridge v. Liberty Mut. Ins. Co.*, 2008 WL 4057072, at *2 (N.D. Miss. 2008).

[51] *Bright v. No Cuts, Inc.*, 2003 WL 22434232, at *5.

issue in *Tapscott* and those in this case.  The Removing Defendants, therefore, have not met the burden under their own relied upon precedent for removing this action.

The Removing Defendants have selectively extracted language from *Tapscott* about claims with no "real connection" in an attempt to equate the plaintiff's naming of Sevarg as a defendant in this case to the conduct of the *Tapscott* plaintiffs.  For example, in paragraph 10 of their removal notice, the Removing Defendants allege that:

> BP and Pan American respectfully submit that there is no 'real connection' between the claims the Plaintiff is asserting against Sevarg, the only operator not of diverse citizenship with respect to the Plaintiff, and those claims the Plaintiff is asserting against BP, Pan American, and BHP ('the diverse defendants')."[52]

The Removing Defendants further assert that:

> The Petition neither alleges nor describes any contractual connection between the diverse defendants and Sevarg to support common liability.  In fact, the public records reveal that Sevarg took its own new lease after the diverse defendants' wells were plugged and abandoned and before Sevarg drilled its own well."[53]

**These allegations, while not demonstrably false in terms of well operation, are misleading in light of the fact that Sevarg is in both the 1946 lease chain and the 1984 lease chain on the plaintiff's property.**[54]  The Removing Defendants are quick to point out that Sevarg "took its own new lease" in 1984, but fail to inform this Court that Sevarg was also in the 1946 lease chain as an assignee.  The conveyances that comprise both lease chains are a matter of public record.   All oil

---

[52] Doc. No. 1,Page ID# 5, ¶ 10.

[53] Doc. No. 1, Page ID# 5, ¶ 10.

[54] See Exhibits "A", "B", and "C".

12

and gas exploration and production activities conducted on the plaintiff's property were conducted under one of these two leases, which are coextensive in terms of the property subject to the leases, by the named defendants in this case. The existence of solidary obligations in this case – and the very real connections between Sevarg and the other defendants – defeats *Tapscott*-type improper misjoinder.

This is a suit in tort and contract. Article 128 of the Mineral Code states: "To the extent of the interest acquired, an assignee or sublessee acquires the rights and powers of the lessee and becomes responsible directly to the original lessor for performance of the lessee's obligations."[55] Article 129 of the mineral code states: "An assignor or sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing."[56] These articles have been interpreted as imposing solidary liability on all mineral lessees in the mineral chain of title.[57]

The defendants completely ignore the law of solidary obligations in their overzealous attempt to remove this case. An assignee or sublessee of a mineral lease becomes responsible directly to the lessor for performance of the lessee's obligations.[58] As the comment to Article 128 of the Mineral

---

[55] LSA-R.S. 31:128.

[56] LSA-R.S. 31:129.

[57] *In re 15375 Memorial Corp.*, 382 B.R. 652, 692 (Bkrtcy.D. Del. 2008), *reversed on other grounds*, 400 B.R. 420; *Kleas v. Mayfield*, 404 So.2d 500, 506 (La. App. 3 Cir. 1981); *Mire v. Sunray DX Oil Co.*, 285 F. Supp. 885, 887 (D.C. La. 1968). *See also* LSA-C.C. art. 1764.

[58] LSA-R.S. 31:129.

13

Code explains, the "consequence is that the assignee 'stands in the shoes' of the assignor."[59] Further, pursuant to the Mineral Code, the assignor or sublessor is not relieved of the obligations or liabilities under the lease.[60] Therefore, both assignor and assignee continue to owe the obligations of the lease to the lessor.  This is precisely the definition of a solidary obligation, an obligation wherein more than one obligor owes the same obligation to an obligee.[61]  Therefore, each defendant is solidarily liable with its assignor, the previous assignors, its assignee, and their assignees for the restoration obligations contained in the mineral leases.

The obligation to restore property is contained in every mineral lease, either explicitly or impliedly.[62]  In *Terrebonne Parish School Board v. Texaco, Inc.*,[63] a case with analogous facts, the plaintiff alleged a series of transactions that could have resulted in overlapping liability among defendants through there was no single transaction joining the defendants.  The court held that the plaintiffs' allegations were sufficient to withstand the defendant's claim of fraudulent misjoinder because if the defendant's conduct could have jointly or severally caused the plaintiffs' alleged damage, there was a "palpable connection" between the claims and parties joined.[64]

---

[59] LSA- R.S. 31:128, official comment.

[60] LSA-R.S. 30:129.

[61] *Joiner v. Diamond M. Drilling Co.*, 688 F.2d 256, 263 (5th Cir. 1982); *Hoefly v. Government Employees Ins. Co.*, 418 So.2d 575, 579 (La. 1982).

[62] LSA-R.S. 31:122; *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d 234, 255-256.

[63] 1998 WL 160919 (E.D. La.).

[64] *Id.* at *2-3.

Similarly, by their own contracts, all of the defendants in this case obligated themselves to perform the obligations of the respective leases and are contractually liable *in solido* for the implied obligation to restore the property in each respective lease and any explicit obligations set forth in each respective lease.[65]

In addition to solidary contractual liability imposed by the Mineral Code, there are other additional independent reasons that support a finding of solidary liability of the defendants in this case. The restoration obligation in a mineral lease is also necessarily a solidary obligation because it is an indivisible obligation. In *Sweet Lake Land & Oil Company, LLC v. Exxon Mobil Corp.*,[66] this Court noted that:

> Property is either restored or it is not. A well cannot be partially plugged and abandoned. *See Muslow Oil and Gas, Inc. v. Rife Oil Properties, Inc.*, No. 427,920 c/w 427,921, 1st JDC, Caddo Parish, Louisiana ("The obligation of plugging and abandonment of wells is a joint obligation which is indivisible and, in accordance with Civil Code Article 1789, is a solidary obligation among mineral lessees and their assigns"). Likewise, hazardous materials placed into a pit must be removed, or the property remains polluted. Moreover, a partial restoration of property would be unlikely to satisfy either the surface owner or the state.[67]

Thus, an obligation is indivisible when the object of the performance, because of its nature, is not susceptible of division.[68] A restoration obligation is indivisible because a partial restoration is not,

---

[65] Doc. No. 1-1, p. 21, ¶ 46. ("All defendants are joint tortfeasors and are liable to plaintiff in solido.")

[66] 2011 WL 5825791 (W.D. La.).

[67] *Id.* at *5.

[68] LSA- C.C. art. 1815.

by definition, a restoration.  The rule of solidarity applies to all indivisible obligations.[69]   Because

the restoration obligation is an indivisible, solidary obligation, each defendant in the lease chain is

solidarily liable with the other defendants for the entirety of the obligation.

This clearly is not an instance where wholly unrelated causes of action have been joined

solely to defeat jurisdiction, nor is this an instance of fraudulent misjoinder, nor is this an instance

of improper cumulation.  Sevarg is properly joined in this case.

**III.   CONCLUSION**

BHP and Sevarg did not timely join in or consent to the removal, in writing, within thirty

days of the last defendant being served. These omissions render the removal fatally defective.

Furthermore, the Removing Defendants have failed to meet their heavy burden of proving

that Sevarg was fraudulently joined, or that the plaintiff engaged in any egregious conduct that would

support an allegation of improper misjoinder amounting to fraudulent joinder.

Because there is not complete diversity between all defendants and the plaintiff in this case,

removal was improvident.  This Court does not have subject matter jurisdiction.  Accordingly,

construing all questions of fact and law in a light most favorable to the plaintiff and for all of the

reasons set forth above, plaintiff's Motion to Remand should be granted.

---

[69] LSA- C.C. art. 1789; LSA-C.C. art.1818.

Respectfully submitted:

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34962
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA  70810
(225) 400-9991 Telephone
(225) 448-2568 Fax

- and -

Patrick C. Morrow, Bar #09748
James P. Ryan, Bar #11560
MORROW, MORROW, RYAN & BASSETT
324 W. Landry St.
P. O. Drawer 1787
Opelousas, LA  70571-1787
Telephone:  (337) 948-4483
Fax:  (337) 942-5234

By:  /s/ D. Adele Owen (21001)

*Attorneys for Plaintiff*

17

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **OPELOUSAS-ST. LANDRY REALTY COMPANY, INC.** | **CIVIL ACTION NO. 6:13-cv-00811** |
| | **JUDGE HAIK** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **BP AMERICA PRODUCTION COMPANY, ET AL.** | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2013, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system.  The forgoing has also been served electronically on the following:

| | |
|---|---|
| Paul J. Hebert | George Arceneaux, III |
| David K. McCrory | Penny L. Malbrew |
| OTTINGER HEBERT, L.L.C. | Christopher M. Rhymes |
| 1313 West Pinhook Road | LISKOW & LEWIS |
| P. O. Drawer 52606 | 822 Harding St. |
| Lafayette, LA 70505-2606 | P. O. Box 52008 |
| *Attorneys for BHP Billiton Petroleum* | Lafayette, LA 70505-2008 |
| *(Americas) Inc.* | *Attorneys for BP America Production* |
| | *Company and Pan American Petroleum* |
| | *Corporation* |

By:  /s/ D. Adele Owen (21001)

18