UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS-ST. LANDRY REALTY COMPANY, INC. | CIVIL ACTION NO. 6:13-CV-00811 |
| VERSUS | JUDGE HAIK |
| BP AMERICA PRODUCTION COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the court is the plaintiff's motion to remand (Rec. Doc. 15). The motion is not opposed. In fact, the removing defendants, BP America Production Company and Pan American Petroleum Corporation, filed a separate motion in favor of remand (Rec. Doc. 17). For the reasons set forth below, the motion to remand will be granted, and this action will be remanded to the 27th Judicial District Court, St. Landry Parish, Louisiana.

### BACKGROUND

This lawsuit originated in the 27th Judicial District Court, St. Landry Parish, Louisiana. In the plaintiff's petition (Rec. Doc. 1-1 at 1-14 and Rec. Doc. 1-2 at 1-7), which was filed in state court on December 14, 2012, the plaintiff claims that oil and gas exploration activities allegedly conducted by the four defendants resulted in

contamination or other damage to certain property owned, resided upon, or used by the plaintiff.

On March 18, 2013, defendants BP America Production Company and Pan American Petroleum Corporation removed the action to this forum. (Rec. Doc. 1). Although the removing defendants alleged that diversity of citizenship is the basis for this court's subject-matter jurisdiction, they admitted that the plaintiff and defendant Sevarg Company, Inc. are both Louisiana citizens. The removing defendants argued, however, that Sevarg's citizenship should be disregarded because Sevarg was improperly joined.

In their removal notice, the removing defendants also alleged that defendants BHP Petroleum (Americas) Inc. and Sevarg Company, Inc. consented to the removal. In support of the assertion that BHP and Sevarg consented to removal, the removing defendants attached copies of unauthenticated e-mail correspondence indicating that BHP's counsel "do not object to the removal of this matter to federal court" (Rec. Doc. 1-3 at 2) and indicating that "Sevarg does not oppose removal of this case to federal court." Later, on May 1, 2013, BHP filed a document in the suit record, consenting to the remand. (Rec. Doc. 14).

The plaintiff responded to the removal with a motion to remand, in which the plaintiff argued that BHP and Sevarg did not properly or timely consent to the

removal and also argued that the removing defendants are unable to prove that Sevarg was improperly joined.

On June 7, 2013, BP and Pan American (the removing defendants) filed a motion (Rec. Doc. 17) styled a "Consent Voluntary Motion to Remand," in which they urge the Court to remand this action to state court. Neither Sevarg nor BHP joined in the removing defendants' motion for remand. In fact, Sevarg has not filed any documents responsive to the plaintiff's complaint, and no counsel has enrolled for Sevarg in this action.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.[3] For that reason, a suit is presumed to lie outside a federal

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4] Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5] The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[7] When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists.[8] Accordingly, BP and Pan American, the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332

---

[4] *Howery v. Allstate*, 243 F.3d at 916.

[5] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[7] *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

are satisfied."[9] In this case, the removing defendants contend that these criteria are satisfied when the citizenship of the allegedly improperly joined defendant is disregarded, while the plaintiff argues that complete diversity does not exist because there is no basis for disregarding Sevarg's citizenship. The plaintiff also argues that there is a procedural defect in that BHP and Sevarg did not properly or timely consent to removal.

The procedure for removal is set forth in 28 U.S.C. § 1446. "In suits where there are multiple defendants, the Fifth Circuit has interpreted this statute as requiring that all served and properly joined defendants consent to removal. A failure to do so renders the removal defective."[10] Under the rule of unanimity, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[11] Since removal is timely if the notice of removal is filed within thirty days after the defendant's

---

[9] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[10] *Mumfrey v. Anco Insulations, Inc.*, No. 11-711, 2011 WL 1527180, at * 3 (E.D. La. Apr. 20, 2011) (internal citations omitted).

[11] *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

receipt of a copy of the state-court petition,[12] the consent by a non-removing defendant must also be filed within that same thirty day time period.[13] In other words, all served defendants must join in or consent to removal no later than thirty days from the day on which the first defendant was served.[14] "Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective."[15] Any procedural defect may provide a basis for remand.[16]

In this case, Sevarg was served on March 19, 2013 (Rec. Doc. 2-6 at 23), Pan American and BP were served on March 22, 2013 (Rec. Doc. 2-6 at 24 and 25, respectively), and BHP was served on March 28, 2013 (Rec. Doc. 2-6 at 26). The defendants had until April 19, 2013 to join in or consent to removal. The removal notice was filed on April 18, 2013. It, therefore, was timely. But the only evidence presented to show consent by Sevarg and BHP were unauthenticated copies of e-mail correspondence.

---

[12] 28 U.S.C. § 1446(b)(1).

[13] See, e.g., *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996).

[14] *Getty Oil v. Ins. Co. of North America*, 841 F.2d at 1263.

[15] *Jones v. Scogin*, 929 F.Supp. at 988.

[16] See 28 U.S.C. § 1447(c).

In several other cases, e-mail correspondence has been rejected as proof of consent.[17] More importantly, neither of the e-mails provided actually shows consent to removal; instead, they indicate a lack of objection to removal. This has been held to be inadequate to show consent.[18]

On a motion to remand, the removing party bears the burden of showing that removal was proper. This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the procedural requirements of the removal statute.[19] In this case, however, neither BP nor Pan American has argued that the removal was procedurally correct. Instead, they argue, in their own motion for remand (Rec. Doc. 17), that defects in the removal procedure require that this action be remanded. "The untimeliness of a removal petition is a ground for remand that is authorized under Section 1447(c)."[20] Accordingly, the undersigned finds that neither BHP nor Sevarg timely consented to removal.

---

[17] See, e.g., *Mumfrey v. Anco Insulations*, 2011 WL 1527180, at * 4, and the cases cited therein.

[18] See, *Getty Oil v. Ins. Co. of North America*, 841 F.2d at 1262 n. 11; *Bridge Point Yacht Center Inc. v. Calcasieu Parish Sheriff's Office*, No. 13-cv-257, 2013 WL 1197143, at *3 (W.D. La., Mar. 25, 2013).

[19] See *Brigham v. Pennywise RV Sales & Servs., Inc.*, 2005 WL 435260, at *2 (W.D.La. Feb. 16, 2005).

[20] *BEPCO, L.P. v. Sante Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted).

Having found that the removal is procedurally defective, the undersigned concludes that this action should be remanded to state court.[21] The undersigned therefore pretermits discussion of the second basis on which the plaintiff seeks remand.

## CONCLUSION

Having found that the removal of this action was procedurally defective,

IT IS ORDERED that the plaintiff's motion to remand (Rec. Doc. 15) is GRANTED;

IT IS FURTHER ORDERED that the removing defendants' motion for remand (Rec. Doc. 17) is DENIED AS MOOT; and

IT IS FURTHER ORDERED that the oral argument on the motion to remand that was previously scheduled for June 25, 2013 is CANCELLED.

Signed at Lafayette, Louisiana on June 11, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[21] See, e.g., *Jones v. Scogin*, 929 F.Supp. at 988.